## CHARLEY HACKET V. THE STATE.

### No. 9515. Delivered November 18, 1925.

**1.—Possessing Intoxicating Liquor—Evidence Held Insufficient.**

Where, on a trial for possession of intoxicating liquor for purpose of sale the evidence disclosed the finding of three half-gallon jars of whiskey in the kitchen of appellant's home, and it was not shown that appellant had any knowledge of said whiskey being on his premises, and the testimony of the wife of appellant, corroborated by other witnesses, that the whiskey was brought and left in the kitchen by a man named Fletcher, we do not believe such evidence sufficient to support the conviction.

**2.—Same—Charge of Court—On Impeaching Evidence—Incorrect.**

Where, on a trial for the possession of intoxicating liquor for the purpose of sale the State proved that appellant had been convicted on a plea of guilty for this offense in 1921, it was error for the court to charge the jury that it might be considered in determining the intent of the defendant in the possession of the liquor. Such testimony of the conviction of another offense was admissible only as affecting his credibility as a witness, and could not be considered for any other purpose.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Geo. W. Johnson,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquors; punishment fixed at confinement in the penitentiary for one year.

The indictment was filed on the 4th day of December, 1924; the date of the offense, according to the averment, was the 8th of November, preceding.

According to the State's testimony, the dwelling of the appellant was searched and there was found upon a table in the kitchen three half-gallon jars containing whiskey. Appellant was not at his dwelling but was at his place of business. That was also searched but no intoxicating liquor was found.

Appellant's wife was at home when the search was made. She testified that the whiskey was brought to the premises by a man named Fletcher; that this occurred after the appellant had gone to work at his place of business and before he had returned therefrom; that he had not been on the premises subsequent to the time that Fletcher had placed the whiskey where it was found by the officers.

Another witness, a groceryman who, according to his testimony, delivered goods on the premises, said that he saw Fletcher at or near the house with a package or bundle in his possession. This happened during the day while he was making a delivery of groceries at the home of the appellant.

Appellant testified that he kept a news stand and sandwich shop in the business part of town. He disclaimed any knowledge of the whiskey or of any arrangements for its delivery upon his premises. He said that he was but slightly acquainted with Fletcher.

There was testimony that Fletcher had been arrested for drunkenness. A witness by whom he was employed testified that on the day of the search, she saw Fletcher going in the direction of the appellant's house; that on the following day she mentioned to him the fact of the appellant's arrest; that he quit her employ and she had not seen him since.

Over the appellant's objection proof was received to the effect that in 1921 he had been charged with the possession of whiskey for the purpose of sale, had entered a plea of guilty, and had been accorded a suspension of his sentence. The court, against the appellant's specific objection, instructed the jury that this testimony was available, not only upon the issue of the credibility of the witness, but "in determining the intent of the defendant, if any, in the possession, if any, of the intoxicating liquor charged against the defendant in the indictment in this case." It occurs to us that the part of the charge quoted should have been omitted. The fact that in 1921 he had entered a plea of guilty as stated, while admissible to affect his credibility, we think was not relevant upon the issue of his intent in a transaction three years later. In view of the inconclusive character of the evidence connecting the appellant with the possession of the liquor in question, it cannot justly be said that the instruction given was not prejudicial to the appellant. Unless upon another trial there is more cogent evidence connecting the appellant with the offense than that revealed by the present

record, we are of the opinion that the conviction should not be permitted to stand.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*